J-A25020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: RYAN KERWIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: RYAN KERWIN | No. 501 EDA 2014 |

Appeal from the Order of January 24, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-MD-0003259-2013

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:               **FILED NOVEMBER 18, 2014**

Ryan Kerwin appeals, *pro se*, the January 24, 2014 order affirming the

Bucks County District Attorney's Office's disapproval of Kerwin's private

criminal complaint.  We dismiss the appeal.

The trial court has summarized the facts of this case as follows:

On November 26, 2007, Kerwin was arrested for criminal
conspiracy, retail theft, and receiving stolen property.  At a trial
by jury held on June 23 and 24, 2008, in the Court of Common
Pleas of Bucks County, Kerwin was found not guilty of all
charges.

On October 20, 2009, Kerwin filed a civil complaint against
Corporal Victoria Crosier, the arresting officer in his criminal
matter, asserting causes of action for malicious prosecution and
abuse of process.  A jury trial on that civil case was held on
August 26, 27, and 28, 2013.  It resulted in a verdict in favor of
Corporal Crosier.

---

[*]    Retired Senior Judge assigned to the Superior Court.

Kerwin then attempted to file a private criminal complaint with the Bucks County District Attorney's Office against a witness, Anna Carlin, who appeared in both the criminal and civil trials, as Kerwin alleged the witness committed perjury. The District Attorney's Office refused to approve the complaint.

Trial Court Opinion ("T.C.O."), 3/24/2014, at 1-2 (some capitalization modified).

In his private criminal complaint, Kerwin alleged that Anna Carlin committed perjury because of inconsistencies between the testimony that she provided in the criminal and civil trials. Specifically, Kerwin alleged that while Ms. Carlin testified at Kerwin's criminal trial that she did not witness the alleged theft and was not able to identify the involved suspects, she testified five years later at Kerwin's civil trial that she did witness the theft, and she identified Kerwin as the individual that committed the theft. Brief for Kerwin at 13-14.

On November 18, 2013, Kerwin filed a motion to appeal the District Attorney's denial of his private criminal complaint. The trial court held a hearing on Kerwin's motion on January 24, 2014, after which it denied his motion. Kerwin timely filed a *pro se* notice of appeal on February 7, 2014. On February 24, 2014, the trial court directed Kerwin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), to be served upon the court no later than March 17, 2014. Kerwin timely filed a concise statement on March 11, 2014. On March 24, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Kerwin raises the following two questions for our review:

    A. Whether [Kerwin] produced sufficient evidence under the legal and evidentiary standard needed to prosecute Anna Carlin with the crime of perjury[?]

    B. Whether [Kerwin's] issues are waived due to improper service of the instant appeal in the Common Pleas Court or for failure to purchase transcripts from the January 24, 2014 hearing[?]

Brief for Kerwin at 3.

We note first that Kerwin failed to obtain the January 24, 2014 hearing transcript. Because of this failure, our ability to review the merits of Kerwin's appeal is critically impeded. Accordingly, we begin with Kerwin's second issue. There, Kerwin argues that the January 24, 2014 hearing transcript is unnecessary to his appeal.[1] Brief for Kerwin at 20, 22. We disagree, and conclude that the transcript is essential to this appeal.

To proceed with a private criminal complaint, a complainant must secure the approval of an attorney for the Commonwealth. Pa.R.Crim.P. 506(A). If the attorney for the Commonwealth disapproves the complaint, the attorney must notify the complainant of the reasons for the disapproval, and the complainant may petition the trial court for review of the decision. Pa.R.Crim.P. 506(B)(2). The trial court's standard of review is dependent upon the reasons provided by the district attorney for the disapproval.

---

[1] Kerwin also challenges the trial court's determination that Kerwin failed to serve the trial court with his notice of appeal, and that we should deem his issues to be waived. T.C.O. at 5-6. However, the certified record includes Kerwin's notice of appeal and indicates that it was timely filed. Nonetheless, because Kerwin failed to obtain the necessary transcripts for us to review his claim, we need not address this issue.

"[W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter." *In re Wilson*, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*). However, "when the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion." *Id.* at 215. In applying the abuse of discretion standard, the trial court must give deference to the district attorney's policy-based decision absent a showing of bad faith, fraud, or unconstitutionality. *Commonwealth v. Brown*, 708 A.2d 81, 84 (Pa. 1998).

Similarly, our standard of review also depends upon the district attorney's rationale for the disapproval. Where the district attorney's decision is based solely upon legal conclusions, and the trial court's standard of review is *de novo*, "the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *Wilson*, 879 A.2d at 214. Where the district attorney's decision is based upon policy considerations or a hybrid of legal and policy considerations, and the trial court's standard of review is abuse of discretion, "the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters." *Id.* at 215.

In the instant case, Kerwin relies upon the fact that, in notifying him of the disapproval of his private criminal complaint, the district attorney cited "insufficient evidence" as the reason for the disapproval. Brief for Kerwin at 18. While we acknowledge that, standing alone, this reason would appear to be a strictly legal conclusion that would call for *de novo* review by the trial court, the district attorney's letter is not determinative of our conclusion as to which standard of review controls. After Kerwin received the letter, he appealed to the trial court, and on January 24, 2014, the trial court held a hearing on Kerwin's petition for review of the district attorney's decision. During this hearing, the district attorney testified regarding his rationale for disapproving Kerwin's private criminal complaint. That testimony must be considered in identifying the district attorney's reasons for the disapproval. Because Kerwin concededly failed to obtain a transcript of the notes of testimony from that hearing, Brief for Kerwin at 22, the certified record is insufficient to determine the appropriate standard of review. The trial court was similarly impaired by the absence of a complete record, noting in its opinion that, "[b]ecause we do not have the notes of testimony in the instant matter, we are forced to recall what happened at the hearing from our personal notes and memory." T.C.O. at 8.

Kerwin argues that the transcript is not necessary for our review. Brief for Kerwin at 22. Kerwin's argument is premised upon a misunderstanding of the standard of appellate review in cases of this type. He argues that we must employ a *de novo* standard and a plenary scope of

review, and thus must reconsider whether the evidence that he provided is sufficient to establish a charge of perjury. *Id.* This is a misstatement of the proper role of appellate courts.

> When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

*Commonwealth v. Brown*, 669 A.2d 984, 990 (Pa. Super. 1995) (*en banc*) (emphasis in original). Kerwin asserts that "the content of the January 24, 2014 hearing transcripts are [*sic*] not the subject of the current appeal." Brief for Kerwin at 22. Quite to the contrary, the evidence produced at that hearing was the basis for the trial court's order from which Kerwin is directly appealing and is essential to establishing our proper standard of review. Thus, a transcript of the January 24, 2014 hearing is vital to our review of the trial court's actions.

This Court has held that the failure to obtain necessary transcripts results in the waiver of any claims that are dependent upon those transcripts.

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it

the responsibility of the appellate courts to obtain the necessary transcripts.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (some citations omitted).

Kerwin attributes his failure to obtain the transcript to his inability to afford its purchase. Brief for Kerwin at 23. However, there is no indication in the record that Kerwin attempted to proceed *in forma pauperis*. Furthermore, Kerwin's financial condition does not obviate the need for a complete record on appeal, particularly when there are means available to provide economic assistance in the provision of necessary materials. As our Supreme Court has stated:

> Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems necessary to prosecute his appeal.

***Commonwealth v. Lesko***, 15 A.3d 345, 410 (Pa. 2011). We acknowledge that Kerwin did not deem the January 24, 2014 hearing transcript to be necessary to his appeal. Kerwin's own assessment of the transcript's immateriality is misplaced. As we stated above, Kerwin's conclusion was premised upon a misunderstanding of the law. Kerwin's *pro se* status does not absolve him of the need to provide us with what is necessary to permit us to review his appeal.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent

himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010).

As to the consequences of Kerwin's failure to obtain the necessary transcript, our Rules of Appellate Procedure provide, in relevant part:

Rule 1911.  Request for Transcript

\*     \*     \*

(d) Effect of failure to comply.  If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911(d).  Kerwin's failure to obtain the transcript of the January 24, 2014 hearing precludes our determination of the appropriate standard of review, and therefore prevents us from conducting a meaningful review of the trial court's order.  Accordingly, we are constrained to dismiss Kerwin's appeal.[2]

_____

[2]     Because we dismiss the appeal upon the basis of Kerwin's second issue, we are unable to address the merits of the claim that he raises in his first issue.

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/18/2014*